UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAUD ALMURIBAH,             )
                            )  CASE NO. C14-1117-JCC-MAT
   Petitioner,              )
                            )
   v.                       )  REPORT AND RECOMMENDATION
                            )
NATHALIE ASHER, et al.,     )
                            )
   Respondents.             )
_____)

Petitioner is a citizen of Saudi Arabia, who is detained at the Northwest Detention Center. Dkt. 1. Through counsel, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for preliminary injunction, both seeking release from detention or a bond hearing before an Immigration Judge ("IJ"). (*See* Dkts. 1 and 2.) Respondents have moved to dismiss, arguing that petitioner's habeas petition and motion for preliminary injunction are moot because the Department of Homeland Security has since granted petitioner a bond in the amount of $3,000.00, and petitioner will receive a bond hearing before an IJ pursuant to 8 C.F.R. § 236.1(d) (after initial custody determination, detainee may request bond hearing before an IJ). Dkt. 12. Petitioner did not respond to the motion to

REPORT AND RECOMMENDATION
PAGE -1

dismiss.

The Court agrees with respondents that petitioner's request for release or a bond hearing is moot.  Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  Where the court can no longer grant effective relief, it lacks jurisdiction and must dismiss the case as moot.  *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984).  Because petitioner has already been granted the ultimate relief sought—an order allowing his release on bond and a bond hearing—his claim must be denied as moot.  *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (claims are moot where court cannot provide the requested relief); *Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot portion of habeas petition challenging detention without bond upon grant of bond hearing).

For the foregoing reasons, the Court recommends that respondents' motion to dismiss (Dkt. 12) be GRANTED, petitioner's habeas petition (Dkt. 1) and motion for preliminary injunction (Dkt. 2) be DENIED as moot, and this action be DISMISSED without prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 18th day of September, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge